IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 21-168 |
| FELIPE RAMOS<br>RUBEN DAVID APELLANIZ-FIGUEROA | |

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Robert C. Schupansky, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

**I. THE INDICTMENT**

A federal grand jury returned a two-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT |
|---|---|---|---|
| 1 | Conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance<br><br>In and around March, 2021 | 21 U.S.C. § 846 | BOTH |
| 2 | Possession with intent to distribute one 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance<br><br>On or about March 25, 2021 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) | BOTH |

## II. ELEMENTS OF THE OFFENSES

A.      **As to Count 1:**

In order for the crime of conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That two (2) or more persons agreed to possess with intent to distribute and/or distribute a controlled substance.

2.      That the defendant was a party to or member of that agreement.

3.      That the defendant joined the agreement or conspiracy knowing of its objective to possess with the intent to distribute and/or distribute a controlled substance and intending to join together with at least one (1) other alleged conspirator to achieve that objective; that is, that the defendant and at least one (1) other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

4.      That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(b)(10).

5.      That the amount of cocaine attributable to the defendant as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him was 500 grams or more. 21 U.S.C. § 841(b)(1)(B)(ii). (*Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Alleyne v. United States*, 133 S. Ct. 2151 (2013)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

B.  **As to Count 2:**

In order for the crime of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

4. That the mixture or substance containing a detectable amount of cocaine was one 500 grams or more. 21 U.S.C. § 841(b)(1)(B)(ii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

### III. PENALTIES

**As to Counts One and Two: Conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance (21 U.S.C. § 846), and possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)):**

1. A term of imprisonment of not less than five (5) years to a maximum of

forty (40) years.

    2.    A fine not to exceed $5,000,000.

    3.    A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

    1.    A term of imprisonment of not less than ten (10) years to a maximum of life.

    2.    A fine not to exceed $8,000,000.

    3.    A term of supervised release of at least eight (8) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

Not applicable in this case.

                        Respectfully submitted,

                        STEPHEN R. KAUFMAN
                        Acting United States Attorney

                        */s/ Robert C. Schupansky*
                        ROBERT C. SCHUPANSKY
                        Assistant U.S. Attorney
                        PA ID No. 82158